Clarence MITCHELL, Aischa Mitchell, Plaintiffs–Appellants,

v.

CENTURY 21 RUSTIC REALTY, Sheila Shane, Harvey Shane, Matthew Ryan, Defendants–Appellees.

No. 02–7495.

United States Court of Appeals, Second Circuit.

Sept. 6, 2002.

Stephen T. Mitchell, P.C., New York, NY, for Appellants.

Stephen J. Penino, Penino & Moynihan, L.L.P., White Plains, NY, for Defendant–Appellee Century 21 Rustic Realty.

Neil J. Moritt, Moritt Hock Hamroff & Horowitz L.L.P. (Ellen R. Storch, of counsel), Garden City, NY, for Defendants–Appellees Harvey and Sheila Shane.

Thalia Feilen, Goldson, Nolan & Assocs., L.L.P. (Howard W. Goldson, of counsel), Melville, N.Y., for Defendant–Appellee Matthew Ryan.

Present CARDAMONE, STRAUB and KATZMANN, Circuit Judges.

### *SUMMARY ORDER*

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court is hereby AFFIRMED.

In January 2002, Plaintiffs Clarence and Aischa Mitchell ("the Mitchells") attempted unsuccessfully to purchase a house in Southampton, New York, from Defendants Harvey and Sheila Shane ("the Shanes").

Subsequently, the Mitchells brought this suit for housing discrimination under the Fair Housing Act, 42 U.S.C. §§ 3601 *et. seq.*, 42 U.S.C. §§ 1981 & 1982, and New York Executive Law § 296(5)(a)(1), alleging that the Shanes, Century 21 Rustic Realty, and Matthew Ryan, a Century 21 broker, refused to sell them the house because they are African American. The Mitchells now appeal from an April 29, 2002, memorandum and order of the District Court (Thomas C. Platt, *Judge*) denying their application for a preliminary injunction preventing the sale of the house to another buyer pending resolution of this case. We affirm for substantially the reasons stated by the District Court.

At a hearing held by Magistrate Judge William D. Wall, Ryan and the Shanes' attorney, Kara Bak, testified that another buyer was selected over the Mitchells because he offered better terms. The other buyer's offer was $8,000.00 higher and included 42% mortgage financing, whereas the Mitchells offered 90% financing. In addition, the evidence showed that the plaintiffs failed to return their signed contracts and down payment within the time specified by the Shanes, and contrary to the parties' prior understanding, the plaintiffs unilaterally changed the financing clause from 80% to 90% before returning their contracts. Thus, even assuming the Mitchells established a *prima facie* case of discrimination, the defendants met their burden of production by proffering a legitimate, non-discriminatory reason for selecting the other buyer. In response, the plaintiffs failed to adduce any evidence of discriminatory intent, nor did they offer evidence sufficient to raise an issue of fact as to whether the defendants' stated reasons were not in fact the true reasons for declining the Mitchells' offer. *See Reeves v. Sanderson Plumbing Prods., Inc.,* 530

U.S. 133, 142–43, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). The Mitchells allege, *inter alia,* that they were arbitrarily subjected to the 80% mortgage contingency and that the defendants departed from common practice by failing to inform them of the specific terms of the other buyer's offer. However, there is no evidence that the plaintiffs were the only buyers subject to an 80% financing condition; indeed, the 80% financing condition was a term of the Mitchells' offer from its inception and existed prior to the other buyer's more attractive offer. *Cf. Robinson v. 12 Lofts Realty, Inc.,* 610 F.2d 1032, 1039 (2d Cir. 1979). In addition, the plaintiffs failed to establish the existence of a custom in the real estate industry of disclosing to interested buyers the specific terms of another buyer's offer prior to agreeing to a sale, or that Ryan departed from such a custom in this case.

We have examined all of the plaintiffs contentions on appeal, and conclude that the District Court did not abuse its discretion in declining to enter a preliminary injunction in favor of the plaintiffs. Nor do we find error in the District Court's refusal to overturn Magistrate Judge Wall's ruling denying the Mitchells' request to obtain the other buyer's financial records. Accordingly, the judgment of the District Court is hereby AFFIRMED.